PICKETT, Judge.
FACTS
Vivian Aultman was injured in the course and scope of her employment on December 16, 1996. She slipped and fell while walking down steps and injured her back. The claimant received worker’s compensation benefits until April 22, 1999, when the benefits were unilaterally terminated by Wal-Mart.
The claimant subsequently filed a Disputed Claim For Compensation requesting reinstatement of workers’ compensation benefits and payment of medical treatment for the claimant and further alleged the employer had acted arbitrarily and capriciously.
The matter went to trial on April 30, 2000. The judge heard testimony regarding the claimant’s medical history and condition as well as her ability to return to work. The judge also heard testimony regarding employment offered to the claimant.in a, light-duty position and her ability to perform that work.
Ultimately the court rendered a judgment on January 16, 2001, wherein she found, among other things, that as of May 10, 1999, the claimant could perform sedentary or light duty work and could have worked at the job offered by the employer pending the medical procedure at issue which the court found to be a reasonable and necessary procedure. Although the judge awarded penalties and attorney fees for the employer’s failure to reasonably controvert the medical portion of the claim, she did not address whether penalties and attorney fees were appropriate for Wal-Mart’s unilateral termination of benefits on April 22,1999.
From the judgment the claimant appeals.
DISCUSSION
The appellant sets forth two assignments of error:
| j>l) The Worker’s Compensation Judge erred in only awarding worker’s compensation benefits until May 10,1999
2) The Worker’s Compensation Judge erred in not awarding penalties and attorney’s fees based on the employer’s unilaterally terminating workers’ compensation benefits effective April 22,1999.
The first assignment of error relates to findings of fact by the trial court that are subject to manifest error review. Under this standard, the function of the appellate court is to determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusions are reasonable, even if the reviewing court might have reached a different conclusion. Absent a finding that the trial court’s findings are manifestly erroneous, those findings cannot be disturbed on appeal. Stobarb v. State, Through DOTD, 617 So.2d 880 (La.1993).
The appellant was seen by several physicians following the work-related accident. The trial court had the testimony and records of those doctors before it for consideration. The evidence reflects that all four physicians who examined the appellant ultimately reached the conclusion that the appellant was able to work a position that required light or sedentary tasks. The court also considered the testimony of the claimant as to her ability to perform the tasks required.
*805 Ultimately the court found that as of May 10, 1999, the claimant could have returned to work at the job offered by the employer. The record clearly supports this finding. Accordingly, we must find no manifest error in the court’s determination.
The appellant further argues the court should have imposed penalties and attorney fees for the employer’s unilateral termination of benefits from April 22, 1999 until May 10, 1999, when the court determined the appellant could have returned to work.
laLa.R.S. 23:1201(F) provides that the failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
La.R.S. 1201.2 provides for an award of attorney’s fees if the discontinuance of payments by the employer is arbitrary, capricious, or without probable cause.
The appellant was deprived of nineteen days of worker’s compensation benefits as a result of the employer’s unilateral termination of compensation.
To determine if employer acted improperly in discontinuing workers’ compensation benefits, as would entitle claimant to attorney fees and penalties, courts look to facts known by the employer or insurer at the time benefits are denied. Aymond v. R.J. Jones & Sons, 96-443 (La.App. 3 Cir. 11/20/96); 690 So.2d 769, rehearing denied.
On the day that claimant’s benefits were terminated, April 22, 1999, she was still being seen by several physicians. The facts in the record show that the appellee terminated benefits when claimant missed an appointment with Dr. James D. Perry, because she had a kidney stone operation. The Workers’ Compensation Judge ruled that as of May 10, 1999, the claimant could perform sedentary or light duty work.
Therefore, the appellee unilaterally terminated claimant’s benefits before she was either released to return to work by a physician or by the court. We find this action by the employer to be arbitrary and capricious and, thus, claimant is entitled to attorney fees and penalties.
|4We award the sum of $2,000 for penalties and $2,500 for attorney’s fees.
AMENDED AND AFFIRMED.